IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EMILY BALDWIN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB 10-3227 |
| THE BRETHREN MUTUAL INSURANCE COMPANY, | * | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Emily Baldwin, proceeding *pro se*, brings the pending action against Defendant The Brethren Mutual Insurance Company for breach of dwelling policy or property insurance. Brethren Mutual has moved for summary judgment. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant The Brethren Mutual Insurance Company's Motion for Summary Judgment (ECF No. 25) is GRANTED.

### BACKGROUND

On October 10, 2007, a fire destroyed a rental property belonging to Plaintiff Emily Baldwin ("Baldwin"). This property was insured by Defendant The Brethren Mutual Insurance Company ("Brethren Mutual"). After concluding that the fire was intentionally set by Baldwin, Brethren Mutual denied her insurance claim. In turn, Baldwin filed a complaint with the Maryland Insurance Agency ("MIA") challenging Brethren Mutual's decision. The MIA issued a preliminary decision in favor of Brethren Mutual, and Baldwin requested an administrative hearing. Ultimately, Administrative Law Judge James T. Murray found in favor of Brethren

Mutual, and denied Baldwin's Motion to Reconsider, stating "the allegations are unsupported by any evidence; they are merely the wild accusations of a well-documented schemer." ALJ Opp. at 4, ECF No. 20-2. Baldwin then filed a Petition for Judicial Review of the MIA decision in the Circuit Court for Cecil County, which was subsequently dismissed.

Baldwin instituted the present action in the Circuit Court for Cecil County for "Breach of Dwelling Policy Insurance" and "Bad Faith Failure to Promptly and Willingly Pay Claim." Brethren Mutual removed the action to this Court, and on January 10, 2011, this Court dismissed Baldwin's second count ("Bad Faith Failure to Promptly and Willingly Pay Claim") as unopposed. Order Granting Def.'s Mot. to Dismiss, ECF No. 12. Brethren Mutual now moves for summary judgment on the remaining count "Breach of Dwelling Policy Insurance," on the ground that "[t]he discovery deadline has passed, and Plaintiff has failed to proffer any basis on which she can prove her damages on the remaining count . . . despite specific interrogatories and document requests propounded by Brethren Mutual seeking this information." Mem. in Supp. of Def.'s Mot. for Summ. J. at 2, ECF No. 25-1. The deadline for discovery expired on May 25, 2011. As of the date of this opinion, Baldwin has not filed any documents supporting her claim for damages.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, this Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50. On the other hand, a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999). This Court has previously explained that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

## ANALYSIS

Brethren Mutual has correctly noted that Baldwin has failed to provide any documentation to support her claim of damages or respond to the interrogatories in a timely manner. Accordingly, summary judgment should be granted as a matter of law.

As this Court has long held, "the plaintiff has the burden of proving the fact of and the extent of the damages he has sustained. Those damages must be proved with reasonable

certainty, and may not be based on speculation or conjecture." *Kirby v. Chrysler Corp.*, 554 F. Supp. 743, 752 (D. Md. 1982).  Here, Baldwin has not provided any documentation of her damages, and claims only that "I am requesting the full cash value of the policy. If the value of the policy exceed [sic] the value of the house then [sic] policy should have not been issued[.]" Pl.'s Objection to Def.'s. Mot. for Summ. J. at 7, ECF No. 27.  Further, Baldwin failed to provide any response to the interrogatories and discovery requests during the discovery period. Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that when a party fails to disclose information required by Rule 26(a) or 26(e)(1) during the discovery period, she may not use the information at trial, at a hearing, or on any motion.  Fed. R. Civ. P. 37(c)(1).  As the Fourth Circuit noted in *Harford Casualty Insurance Co. v. MCJ Clothiers, Inc.*, "where parties do not disclose, in response to interrogatory requests, opinions to which witnesses will testify, the undisclosed testimony is inadmissible." 54 F. App'x. 384, 389 (4th Cir. 2002).  Accordingly, because Baldwin has "proffered no basis on which to prove damages," this Court must grant Brethren Mutual's motion for summary judgment.  *Id.*

   This Court recognizes that the Plaintiff in this matter is a *pro se* litigant, and as such, is generally afforded leniency in meeting her procedural obligations.  The Fourth Circuit has established that "[w]hat might be a meritorious claim on the part of a *pro se* litigant unversed in the law should not be defeated without affording the pleader a reasonable opportunity to articulate his cause of action." *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978).  Here, this Court has provided Baldwin generous time to present all available facts, explained what is expected of her in terms of the rules of discovery, has granted Baldwin's requests for extension

of time, and has held telephone conferences to ensure her understanding. As such, Baldwin has been provided ample opportunity to support her case.

The Fourth Circuit has also held "when a party moves for summary judgment against a *pro se* party, this court requires that the *pro se* party be given notice of the opportunity to file a counter-affidavit or other appropriate materials and is informed that failure to file such materials could result in dismissal." *U.S. v. Tejada-Ramirez*, 436 F. App'x. 172, 173 (4th Cir. 2011) (citing *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Pursuant to this holding and Rule 56 of the Federal Rules of Civil Procedure, on October 4, 2011, Baldwin was given notice of her right to file a counter-affidavit, instructions to do so, and was informed of the consequences of a grant of summary judgment in the Defendant's favor. *See* Clerk's Ltr. To Pl., ECF No. 26. Thus, all procedural and deferential rights due to a *pro se* litigant have been afforded to Baldwin.

## CONCLUSION

For the reasons stated above, Defendant The Brethren Mutual Insurance Company's Motion for Summary Judgment (ECF No. 25) is GRANTED.

A separate Order follows.

Dated: February 17, 2012                    /s/_____
                                            Richard D. Bennett
                                            United States District Judge